**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NIMALI SONDEL,                                          :
                                                        :
                                 Petitioner,    :    Index No.
                                                        :
             v.                                    :
                                                        :    **NOTICE OF PETITION**
DARDEN RESTAURANTS, INC., GMRI,                         :
Inc. d/b/a OLIVE GARDEN, WILLIS                         :
REINKE, in his individual and professional              :
capacities, and AMERICAN ARBITRATION                    :
ASSOCIATION, INC.,                                      :
                                                        :
                                Respondents.  :
----------------------------------------------------------X

       **PLEASE TAKE NOTICE**, that upon the accompanying Petition, together with the Exhibits attached thereto, and the Memorandum of Law submitted therewith, and all other papers that may be filed with this Court, Petitioner Nimali Sondel, through counsel Wigdor LLP, will petition this Court, located at 500 Pearl Street, in the City and State of New York, on a date to be determined by this Court, for an Order, pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §§4, *et seq*. (i) compelling Respondents Darden Restaurants, Inc., GMRI, Inc., and Willis Reinke (together, the "Darden Respondents") to arbitrate Petitioner's claims in JAMS, Inc. ("JAMS") (ii) enjoining the Darden Respondents from proceeding with an improperly filed arbitration with AAA, (iii) compelling the American Arbitration Association ("AAA") to close the arbitration proceeding filed by the Darden Respondents and to discontinue any arbitration proceedings in this matter, (iv) enjoining AAA from proceeding with an improperly filed arbitration, (v) confirming the JAMS order and compelling the Darden Respondents to comply with the JAMS order that the Darden Respondents are subject to binding arbitration before

JAMS, and (vi) ordering the Darden Respondents to pay all costs and fees incurred in connection with this proceeding and such other and further relief deemed just and proper.

Dated: June 25, 2015
      New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
      David E. Gottlieb

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dgottlieb@wigdorlaw.com

*Attorneys for Petitioner*

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
NIMALI SONDEL,                                    :
                                                  :
                Petitioner,    :     Index No.
                                                  :
   v.                                         :
                                                  :     **PETITION**
DARDEN RESTAURANTS, INC., GMRI,                   :
Inc. d/b/a OLIVE GARDEN, WILLIS                   :
REINKE, in his individual and professional        :
capacities, and AMERICAN ARBITRATION              :
ASSOCIATION, INC.,                                :
                                                  :
                Respondents.   :
---------------------------------------------------------X

Petitioner Nimali Sondel, by and through undersigned counsel, Wigdor LLP, hereby petitions this Court, in this action against Respondents Darden Restaurants, Inc. ("Darden" or the "Company"), GMRI, Inc., and Willis Reinke (together, the "Darden Respondents") and the American Arbitration Association, Inc. ("AAA"), pursuant to Section 4 of the Federal Arbitration Act ("FAA"), as follows:

## NATURE OF THE DISPUTE

1.     Petitioner Nimali Sondel, a former employee of the Darden Respondents, alleges that she was unlawfully terminated in retaliation for her protected complaints of sexual harassment. Pursuant to an arbitration agreement between the parties, Ms. Sondel filed a demand for arbitration with JAMS, Inc. ("JAMS"). The Darden Respondents, in breach of the arbitration agreement, have refused to participate and/or pay for the arbitration proceeding before JAMS. Thus, Ms. Sondel filed a motion to compel arbitration in JAMS, to be ruled upon by JAMS. In response, the Darden Respondents unilaterally filed a demand for arbitration with the AAA – without Ms. Sondel's consent and in direct violation of AAA's Employment Arbitration

Rules and Mediation Procedures of the American Arbitration Association (the "AAA Rules") – presumably because the Darden Respondents have determined AAA to be a more favorable forum. Thereafter, despite AAA Rules requiring that an action be initiated *only* by a claimant or jointly by a claimant and respondent, and despite the fact that Ms. Sondel – who is the claimant – has neither filed anything on her own or jointly with any respondent, AAA has improperly opened an arbitral action. Earlier today, JAMS granted Ms. Sondel's motion to compel JAMS arbitration. Ms. Sondel simply seeks to compel the Darden Respondents to engage in arbitration pursuant to the terms of the arbitration agreement between the parties, compel the Darden Respondents to comply with the JAMS arbitral ruling, and enjoin AAA from administering an arbitration of this dispute.

**PARTIES**

2. Petitioner Nimali Sondel is a former Darden employee, who currently lives in Ossining, New York. At all relevant times, Ms. Sondel worked for the Olive Garden restaurant located at 36 Backus Avenue, Danbury, Connecticut 06810, and met the definition of "employee" and/or "eligible employee" under all applicable statutes.

3. Respondent Darden Restaurants, Inc. is a Florida business corporation that owns and operates several restaurant chains, including the Olive Garden restaurant located at 36 Backus Avenue, Danbury, Connecticut 06810. Respondent Darden Restaurants, Inc. maintains a principal place of business at 1000 Darden Center Drive, Orlando, Florida 32837. At all relevant times, Respondent Darden Restaurants, Inc. met the definition of "employer" and/or a "covered employer" under all relevant statutes.

4. Respondent GMRI, Inc. is a Florida business corporation operating as a subsidiary of Darden Restaurants, Inc. and doing business as "Olive Garden." Respondent

GMRI, Inc. maintains a principal place of business at 1000 Darden Center Drive, Orlando, Florida 32837. At all relevant times, Respondent GMRI, Inc. met the definition of "employer" and/or a "covered employer" under all relevant statutes.

5. Respondent Willis Reinke is a Director of Operations for Darden, overseeing the operations of nine restaurants owned by the Company in Connecticut, Rhode Island and Massachusetts. At all relevant times, Respondent Reinke had supervisory authority over Ms. Sondel and had the power to terminate the employment of employees, including, but not limited to, Ms. Sondel.

6. Respondent AAA is domestic not-for-profit corporation that provides alternative dispute resolution services, namely, arbitrations. AAA is organized under the laws of the State of New York and maintains offices at 150 East 42nd Street, New York, New York 10017.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter as the arbitration agreement at issue is a contract involving interstate commerce and is governed by the FAA.

8. This Court has subject matter jurisdiction over the underlying matter as the dispute between the parties involves, *inter alia*, Petitioner's rights under Title VII of the Civil Rights Act of 1964.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action, including the Darden Respondents' breach of the arbitration agreement and AAA's improper conduct, took place and is taking place in the Southern District of New York and Ms. Sondel resides in the Southern District of New York.

## FACTS AND PROCEDURAL HISTORY

10. Ms. Sondel is a former manager of an Olive Garden restaurant located at 36 Backus Avenue, Danbury, Connecticut 06810.

11. The Darden Respondents claim that Ms. Sondel and Darden mutually agreed, as a condition of the employment relationship, to be bound by an arbitration agreement titled "Darden's Dispute Resolution Policy" (hereinafter, the "Arbitration Agreement" or "DRP").

12. The Arbitration Agreement provides for mandatory mediation followed by mandatory arbitration. Pursuant to the Arbitration Agreement,

> [I]f mediation does not resolve the dispute, ***either the Employee or the Company may submit the matter to binding arbitration***.

See Ex. A at p. 7 (emphasis added). The Arbitration Agreement does not state that *only* the Company may submit a matter to arbitration.

13. Also pursuant to Arbitration Agreement,

> [t]he arbitration will be referred to an arbitration service (such as American Arbitration Association, **JAMS**, Resolute Inc.) for selection and appointment of a qualified arbitrator and administration of the arbitration process in accordance with applicable rules.

See Ex. A at p. 7 (emphasis added).

14. On November 21, 2014, the Darden Respondents terminated Ms. Sondel's employment.

15. On December 15, 2014, Ms. Sondel notified Darden of her intention to pursue retaliation claims through written correspondence from her counsel.

16. On June 1, 2015, pursuant to the Arbitration Agreement, the parties engaged in mediation at JAMS in New York City before mediator Carol Wittenberg, which was unsuccessful.

4

17. On June 17, 2015, Ms. Sondel commenced arbitration proceedings by serving on the Darden Respondents a demand for arbitration with JAMS (proof of service is required prior to filing with JAMS). See Ex. B.

18. On June 18, 2015, Ms. Sondel filed her demand for arbitration with JAMS and paid the initial filing fee. See Ex. C.

19. On June 19, 2015, the Darden Respondents informed JAMS that – despite the clear agreement to arbitrate before JAMS in the DRP – they refused to and never agreed to arbitration in JAMS, refused to pay for the arbitration, and asked for the matter to be declined. Instead, the Darden Respondents informed JAMS that the matter should proceed to arbitration in AAA. See Ex. D.

20. On June 22, 2015, Ms. Sondel filed a motion with JAMS for an order compelling the Darden Respondents to arbitrate the dispute before JAMS. See Ex. E.

21. On June 24, 2015, the Darden Respondents submitted an opposition to Ms. Sondel's motion to compel arbitration before JAMS. See Ex. F.

22. JAMS is entitled to rule on that motion by virtue of an agreement in the Arbitration Agreement that:

> The arbitrator will resolve any issue/dispute arising out of or relating to the interpretation or application of the DRP or its rules, including without limitation, any arbitration rules or procedures or manner in which the arbitration proceeding will be conducted.

See Ex. A at p. 7.

23. On June 22, 2015, only after Ms. Sondel filed her motion to compel arbitration in JAMS, and a full five days after Ms. Sondel had served her demand for arbitration on the Darden Respondents, the Darden Respondents filed a demand for arbitration with AAA. See Ex. G.

24. Among the many reasons the Darden Respondents' filing for arbitration in AAA was improper, the filing was covertly accomplished without notice to Claimant[1] and in direct contravention of the AAA Rules.

25. The AAA Rules expressly and unambiguously provide that an arbitration may be initiated in only one of two ways:

> (a) The parties may submit a joint request for arbitration [, or] (b) In the absence of a joint request for arbitration . . . [t]he initiating party (hereinafter "Claimant[s]") shall: (1) File a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA . . .

See Ex. H at p. 16.

26. AAA improperly accepted the Darden Respondents' arbitration filing, despite the fact that there has been no initiation of arbitration proceedings even pursuant to the AAA Rules.

27. On June 24, 2015, Ms. Sondel's counsel spoke to Frank Binda, a case manager at AAA, to inquire as to why arbitration proceedings had been accepted despite the fact that there had been no initiation pursuant to the AAA Rules and asked for the matter to be closed.

28. Mr. Binda stated that he was unable to and refused to close the AAA proceeding.

29. On June 25, 2015, JAMS issued a ruling granting Ms. Sondel's motion to compel arbitration before a JAMS arbitrator, determining that "[b]ecause JAMS is expressly named in

---

[1] As of the date of filing this Petition, Claimant is still in the dark as to what documents the Darden Respondents filed with AAA to purportedly initiate proceedings, despite the fact that our offices have been in contact via email since December 2014. It should be noted that rather than "hide the ball" to gain some perceived advantage, our office provided the Darden Respondents with email courtesy copies of all documents filed with JAMS. Clearly, the Darden Respondents are attempting to "get in front" of Ms. Sondel's earlier filing in JAMS, which was already filed and operative well before the Darden Respondents' filing in AAA. This is just an ill-conceived and sophomoric "tactic" to get this matter into a forum that Respondents perceive to be more favorable.

the contract, JAMS will continue to administer this matter . . . absent a court order or by agreement of the parties." See Ex. I.

## GROUNDS FOR RELIEF

30. Petitioner hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

31. Pursuant to 9 U.S.C. 4, in a civil action,

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

32. As described herein, Petitioner submitted an arbitration proceeding with JAMS pursuant to the express agreement that JAMS could administer arbitrations contained within the Arbitration Agreement.

33. As described herein, the Darden Respondents have breached and continue to breach the Arbitration Agreement by, *inter alia*, refusing to arbitrate the dispute in JAMS and filing for arbitration in AAA.

34. As described herein, AAA has and continues to interfere with the Arbitration Agreement between the Petitioner and the Darden Respondents, violated the AAA Rules and failed to act in good faith as a neutral arbitral forum.

35. As described herein, AAA has violated and continues to violate the terms of the AAA Rules by opening an arbitration that has not been initiated pursuant to the AAA Rules.

36. As described herein, JAMS has ordered that, under the Arbitration Agreement, the Darden Respondents agreed to submit to arbitration before JAMS.

37. Irreparable harm will result absent an order containing the relief requested herein as Ms. Sondel may be forced to expend time and resources arbitrating claims in a forum in which she did not agree to arbitrate and may be subject to arguably binding arbitral rulings.

38. This is the first request for the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner requests an order:

A. Compelling the Darden Respondents to arbitrate Petitioner's claims in JAMS; and/or,

B. Enjoining the Darden Respondents from proceeding with an improperly filed arbitration with AAA; and/or,

C. Compelling AAA to close the arbitration proceeding filed by Respondents and to discontinue any arbitration proceedings in this matter; and/or,

D. Enjoining AAA from proceeding with an improperly filed arbitration; and/or,

E. Compelling the Darden Respondents to comply with the JAMS order that the Darden Respondents are subject to binding arbitration before JAMS; and/or,

F. Ordering the Darden Respondents to pay all costs and fees incurred in connection with this proceeding; and/or,

G.    Ordering such other and further relief deemed just and proper.

Dated: June 25, 2015
       New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
     David E. Gottlieb

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dgottlieb@wigdorlaw.com

*Attorneys for Petitioner*