# Exhibit A



## Acknowledgement and Acceptance

*I understand this agreement contains the requirements, obligations, procedures and benefits of the Dispute Resolution Process (DRP).* **I acknowledge that I have received and/or have had the opportunity to read this arbitration agreement. I understand that this arbitration agreement requires that disputes that involve the matters subject to the agreement be submitted to mediation or arbitration pursuant to the arbitration agreement rather than to a judge or jury in court.** *I agree as a condition of my employment, to submit any eligible disputes I may have to the DRP and to abide by the provisions outlined in the DRP. I understand this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP. Finally, I understand that the Company is equally bound to all of the provisions of the DRP.*

*I confirm that I read the updated DRP policy (dated August 2014) included here and I have been given an opportunity to read this document and print a copy for my records. I also acknowledge that I was afforded an opportunity to ask questions of my Supervisor/Manager and/or Human Resources/Employee Relations*





# DISPUTE *Resolution* PROCESS

**HOW TO CONTACT THE DRP DEPARTMENT:**
If there are any questions about DRP or how to begin the process, please call (*toll free*), 1-800-817-3171, Or write to: Dispute Resolution Department, 1000 Darden Center Drive, Orlando, Florida 32837



This document is the Dispute Resolution Process (DRP) agreement between the Employee and his/her employer ("the Company"), which is a direct or indirect subsidiary of Darden Restaurants, Inc. The DRP is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.). The requirements, obligations, procedures and benefits in this booklet are binding on the Employee and the Company during and after the period of the Employee's employment.

The mutual goal of DRP is to resolve eligible work related problems, concerns and disputes between the Employee and the Company in a prompt, fair and efficient way that protects the legal rights of both the Employee and the Company.

This agreement is used throughout the United States. The DRP is always to be used and interpreted consistently with applicable law. If any provision of the DRP is in conflict with applicable law, that provision may be severed or revised to make the DRP valid and enforceable. The severed or revised provision, will not affect the remaining provisions of the DRP. Additionally, the DRP may be updated from time to time as required by applicable law.

# TABLE OF CONTENTS

Page 2:     Introduction

Page 5:     How to Use DRP

Page 5:     Step 1 - Open Door

Page 5:     Step 2 - Peer Review

Page 5:     Step 3 - Mediation

Page 7:     Step 4 - Arbitration

Page 10:    DRP Overview

Page 11:    DRP Acknowledgement

Page 13:    Frequently Asked Questions

# INTRODUCTION

Occasional differences may arise between the Company and an Employee, both during and after employment. The mutual goal is to resolve work-related problems, concerns and disputes in a prompt, fair and efficient way that protects the legal rights of both the Employee and the Company. To accomplish this goal, the Dispute Resolution Process (DRP) is comprised of a four-step process: Open Door, Peer Review, Mediation and Arbitration.

The DRP, instead of court actions, is the sole means for resolving covered employment-related disputes. Disputes eligible for DRP must be resolved only through DRP, with the final step being binding arbitration heard by an arbitrator. This means DRP-eligible disputes will not be resolved by a judge or jury. Neither the Company nor the Employee may bring DRP-eligible disputes to court. The Company and the Employee waive all rights to bring a civil court action for these disputes.

## What is covered under DRP?

The **Open Door**, as described on page 4, is the first step in DRP and is always available to Employees or the Company to use to discuss any issues or resolve any disputes relating to their employment.

Steps two and three of DRP – **Peer Review** and **Mediation** – apply to all employment-related disputes or claims brought by the Employee against the Company or the Company against the Employee other than those limited "Exceptions" listed below. Some examples of disputes which are covered by the first three steps of DRP include, but are not limited to: disputes about compensation earned, termination, discrimination and harassment.

Only disputes which state a legal claim may be submitted to **Arbitration**, which is the fourth and final step of DRP. The arbitrator has the authority to dismiss disputes that do not state a legal claim. Examples of legal claims covered by DRP include but are not limited to: claims that arise under the Civil Rights Act of 1964, Americans With Disabilities Act, Fair Labor Standards Act, Age Discrimination in Employment Act, and Family Medical Leave Act.

## What are the exceptions to DRP?

The DRP is **not** available to resolve disputes:

> related to Workers Compensation or Unemployment Insurance benefits;

> that are legally required by controlling federal law to be arbitrated or resolved under a different process;

> claims for employee benefits under any benefit plan sponsored by the Company and covered by Employee Retirement Income Security Act of 1974 or funded by insurance, unfair competition, violation of trade secrets, any common law right or duty, or any federal, state or local ordinance or statute; or

August 2014

regarding wage rates, wage scales or benefits, performance standards or ratings, work rules, food quality and service standards, or company policies and procedures, including whether to open or close operations; unless these disputes are brought pursuant to a specific federal or state statute, or other applicable legal standard.

## What are the exceptions to Arbitration?

The final step of DRP – Arbitration – is **not** available to resolve disputes:

- that do not state a legal claim under applicable law;
- that by controlling federal law cannot be subjected to mandatory arbitration; or
- that are legally required under controlling federal law to be arbitrated or resolved under a different process.

## Class, Collective and Representative Actions

You and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis. Accordingly,

(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action ("Class Action Waiver"). The Class Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a class action and (2) a civil court of competent jurisdiction finds the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the class action must be litigated in a civil court of competent jurisdiction.

(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action ("Collective Action Waiver"). The Collective Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a collective action and (2) a civil court of competent jurisdiction finds the Collective Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction.

(c) There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general representative action ("Private Attorney General Waiver"). The Private Attorney General Waiver does not apply to any claim you bring in arbitration as a private attorney general solely on your own behalf and not on behalf of or regarding others. The Private Attorney General Waiver shall be severable from this Agreement in any case in which a civil court of competent jurisdiction finds the Private Attorney General Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances and where the claim is brought as a private attorney general, such private attorney general claim must be litigated in a civil court of competent jurisdiction.

Although you will not be retaliated against, disciplined or threatened with discipline as a result of exercising your rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver, Collective Action Waiver and Private Attorney General Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is invalid,

unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator.

## Other Actions

The DRP does not prevent an Employee from exercising statutorily protected rights to file any administrative charge or complaint with administrative agencies. Such administrative claims include, without limitation, claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, and the National Labor Relations Board. Nothing in the DRP will preclude or excuse the Employee from bringing an administrative claim before any agency in order to fulfill the obligation to exhaust administrative remedies before making a claim in arbitration.

## How long do I have to submit my dispute to DRP?

Disputes must be submitted for resolution through DRP **within one (1) year or within the applicable statute of limitations if less than one year.** The statute of limitations period will begin from the date the party requesting DRP first learned of the facts giving rise to the claim/dispute or reasonably should have known about the claim/dispute. Where time limits for filing a claim (i.e., statutes of limitations) cannot be modified by agreement of the Employee and the Company, the legally-mandated time limits applicable to the claim will apply. After submission of the dispute to DRP, DRP must be pursued with reasonable diligence. Any disputes regarding this provision will be decided by the arbitrator as a threshold matter.

## How do I contact the DRP Department?

If there are any questions about DRP or how to begin the process, please contact the DRP Department by calling toll free, 1-800-817-3171, or in writing to: Dispute Resolution Department, 1000 Darden Center Drive, Orlando, FL 32837.

*(Remainder of this page intentionally blank)*

# HOW TO USE DRP – THE FOUR STEPS

## Step 1. Open Door

The first step in resolving a dispute is to use the **Open Door**. If the Employee has a workplace concern or dispute, they are to bring it to the attention of their manager. If, for any reason, the Employee does not feel they can talk to their manager about the problem, the Employee should then bring it to the attention of the next person in their chain of supervision, such as their General Manager, Director, etc., or they may contact a representative from Employee Relations or Human Resources at 1-800-932-2558. In addition, the Employee may contact the DRP Department, by calling toll free, 1-800-817-3171, or in writing to: Dispute Resolution Department, 1000 Darden Center Drive, Orlando, FL 32837.

Open Door allows for an open and honest exchange by the people who are closest to the problem and often provides the best insight and opportunity for mutual resolution. *The Employee can use all of the steps of DRP or discuss any issue/dispute without fear of retaliation.*

## Step 2. Peer Review

If using the Open Door has not resolved the issue/dispute, the Employee can submit his or her issue/dispute to **Peer Review** by simply filling out a **DRP Submission Form** which may be obtained by calling the DRP Department at 1-800-817-3171.

Peer Review provides a way for the parties to personally present the issue/dispute to a panel of three employees, two who are at the same level in the Company as the Employee, and the third being a next level management employee. At Peer Review, the Employee and the Company each have up to thirty (30) minutes to present their position to the panel separately and privately. The Peer Review panel considers the issue/dispute, and makes a non-binding decision, which is communicated to the Employee and the Company within thirty (30) days of the Peer Review. The Peer Review panel has the ability to grant reinstatement of employment and benefits, back pay/lost wages and/or reversal of the Company's action or decision.

If the Employee and the Company are both satisfied with the Peer Review panel's decision, both the Employee and the Company will sign the Peer Review response form agreeing to the decision, and the matter will be considered resolved. The decision then becomes final and binding on the Employee and the Company. If either the Employee or the Company is not satisfied with the panel's decision, the dissatisfied party can submit the matter to Mediation. If neither the Employee nor the Company requests mediation of the matter (as described below), **within thirty (30) days** after receiving the Peer Review panel's decision, this will also constitute acceptance of the panel's decision and it will become final and binding on both parties.

## Step 3. Mediation

If Peer Review does not resolve the issue/dispute, either the Employee or the Company may

August 2014

submit the matter to mediation.

### Notice

A request for mediation must be in writing and provided to the other party **within thirty (30) days** of receiving the Peer Review panel's decision. Mediation notices to the Company must be sent to: Dispute Resolution Department, 1000 Darden Center Drive, Orlando, FL 32837. Notices to the Employee will be sent via certified or express mail to the Employee's last known address.

### Selection and Qualifications of Mediator

Mediation will be conducted by a mediator knowledgeable of and experienced in employment law. The mediation request will be referred to a mediation service (such as the American Arbitration Association, JAMS or Resolute Systems, Inc.) for selection and appointment of a qualified mediator. Alternatively, the parties may agree to jointly select a mediator without the assistance of a mediation service.

### Applicable Procedural Rules

Both the Employee and the Company have the right, but are not required, to be represented by a lawyer of their choice and at their own expense at the mediation. However, if either party will be represented by a lawyer, that party must notify the other at least thirty (30) days before the date of the mediation.

The mediation will be conducted according to the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association (AAA), except to the extent modified by DRP or by applicable law. The AAA's Employment Arbitration Rules and Mediation Procedures are available online at www.adr.org under the heading "Rules & Procedures" or can be found using an internet search engine (for example, Google) by searching "AAA Employment Arbitration Rules and Mediation Procedures."

### Fees and Costs

The Company will pay the administrative fees and costs associated with conducting the mediation under this Step 3 (including the mediation facilitation service, mediator fees, mediation room charges and teleconference and video conference costs). Additional costs will be borne by each party as incurred.

### Location

The mediation will be conducted either in person or via teleconference or video conference. Either or both parties may opt to attend mediation via teleconference or video conference, provided notice is given to the other party and the mediator at the time the mediation is scheduled. If any party will be attending the mediation in person, the mediation will be held in or near the city of the restaurant where the issue/dispute occurred unless the Employee and the Company mutually agree to hold it somewhere else.

### Resolution

If the issue/dispute is resolved during mediation, the Employee and the Company will each

sign a written agreement containing the terms of the resolution. The agreement will be final and binding on both parties and will conclude the DRP process. The agreement will be fully enforceable in a court of competent jurisdiction.

## Termination of Mediation without Resolution

The mediation will terminate without resolution if the mediator, the Employee or the Company determine that further attempts to mediate are not worthwhile. If the mediation is terminated by the mediator, the mediator and/or mediation service will submit written notice to both the Employee and the Company confirming that the mediation has terminated. If the mediation is terminated by the Employee or the Company, the party terminating the mediation will submit written notice to the address of record of the other party via certified or registered mail, return receipt requested, confirming that the mediation has terminated. A copy of the written notice must also be submitted to the mediator and/or mediation service.

## Step 4.  Arbitration

If mediation does not resolve the dispute, either the Employee or the Company may submit the matter to binding arbitration.

### Eligibility

Only disputes that state a legal claim will be arbitrated (SEE "What is Covered under DRP" on page 2). The arbitrator has the sole authority to determine whether a dispute is arbitrable and whether it has been timely filed and pursued. If the arbitrator finds that a dispute does not state a legal claim, has not been timely filed, or has not been timely pursued from one step of DRP to the next, the arbitrator's decision is final and binding and the dispute is considered to be resolved.

### Notice

The request for arbitration must be in writing and provided to the other party by certified or registered mail, return receipt requested, within thirty (30) days of receipt of written notification that mediation has been terminated (SEE "Termination of Mediation Without Resolution" on page 6). The request will include identification of the parties, a statement of the legal and factual basis for the claim(s), and a specification of the remedy sought.

### Selection and Qualification of Arbitrator

The arbitration will be conducted by a single arbitrator knowledgeable of and experienced in employment law. The arbitration will be referred to an arbitration service (such as the American Arbitration Association (AAA), JAMS or Resolute Systems, Inc.) for selection and appointment of a qualified arbitrator and administration of the arbitration process in accordance with applicable rules. Alternatively, the parties may agree to jointly select an arbitrator that meets the qualifications without the assistance of an arbitration service.

### Applicable Law and Procedural Rules

The arbitrator will resolve any issue/dispute arising out of or relating to the interpretation or application of the DRP or its rules, including without limitation, any arbitration rules or

procedures or manner in which the arbitration proceeding will be conducted.

Both the Employee and the Company have the right, but are not required, to be represented by a lawyer of their choice and at their own expense (subject to remedies awarded by the arbitrator in accordance with applicable law) at the arbitration hearing. However, if the Employee notifies the Company, at least thirty (30) days before the date of the hearing that he or she will not be represented by a lawyer at the arbitration hearing, the Company will also not be represented by a lawyer at the arbitration hearing.

The arbitration will be conducted according to the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association (AAA), except to the extent modified by DRP or by applicable law. The arbitration and any decision or award made by the arbitrator will be final and binding on the Employee and the Company and enforceable in a court of competent jurisdiction. The AAA's Employment Arbitration Rules and Mediation Procedures are available online at **www.adr.org** under the heading "Rules & Procedures" or can be found using an internet search engine (for example, Google) by searching for "AAA Employment Arbitration Rules and Mediation Procedures."

## Fees and Costs

The Company will pay the arbitrator's fees and expenses, any costs for the hearing facility, and any costs of the arbitration service.

Any other expenses incurred by a party during the arbitration are the party's responsibility subject to remedies awarded by the arbitrator in accordance with applicable law. This includes, by way of example only, transcript preparation fees, attorneys' fees, and expert witness fees. However, an arbitrator is authorized to award fees and costs in accordance with and subject to the limitations of applicable law.

## Location

The arbitration will take place in or near the city of the restaurant where the issue/dispute occurred unless the Employee and the Company mutually agree to hold it somewhere else.

## Authority of the Arbitrator

In addition to the authority granted to the arbitrator under AAA's Employment Arbitration Rules and Mediation Procedures:

1. The arbitrator will have the authority to determine whether a dispute is arbitrable and whether it is timely filed and pursued under the DRP and any applicable laws. After conferring with both the Employee and the Company, the arbitrator will set an appropriate date, time, location and duration for the arbitration.

2. Arbitrations will be heard on an individual basis, as described in and subject to the section entitled **Class, Collective and Representative Actions** on page 3 above.

3. In arbitration, the parties will have the right to bring dispositive motions (such as motions to dismiss or for summary judgment) and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard will be resolved by the arbitrator.

4. The Employee and the Company each have the right to subpoena witnesses and documents for the arbitration hearing. Subpoenas must be served on the other party and submitted to the arbitrator. Any objection to the issuance of any subpoena must be submitted to the arbitrator within ten (10) days following receipt of the request or within such time period required by applicable law, as determined by the arbitrator.

5. The arbitrator will have the same authority as a court of law to grant requested relief; this would include relief requested regarding temporary restraining orders and preliminary injunctive remedies. However, this provision does not prevent either the Employee or the Company from requesting available temporary or preliminary injunctive remedies from an appropriate court. The request for temporary or preliminary injunctive remedies does not remove the dispute from final resolution by the arbitrator. The request for temporary or preliminary injunctive remedies does not waive the requesting party's right to arbitrate claims covered by the DRP.

6. Unless done pursuant to a specific federal or state statute, or applicable common law, the arbitrator will have no authority to establish wage rates, wage scales or benefits, performance standards or ratings, work rules, food quality and service standards, or similar company policies and procedures, including whether to open or close any operations.

### Arbitration Transcript

Either the Employee or the Company may arrange for a court reporter to provide a stenographic record of the proceedings consistent with the provisions of the AAA's Employment Arbitration Rules and Mediation Procedures.

### Post-Hearing Briefs

Either the Employee or the Company upon request at the close of the hearing, may file a post-hearing brief. Whether briefs are permitted, the time for filing briefs and any additional requirements, such as a maximum page limit, will be set by the arbitrator at the hearing.

### Arbitrator's Decision

The arbitrator will issue a written decision, including a statement of the arbitrator's findings of fact and conclusions of law, within thirty (30) days after the date the hearing ends.

### Judicial Enforcement

Either the Employee or the Company may bring an action in any court of competent jurisdiction to compel Arbitration under this agreement and/or to confirm, modify, enforce or vacate an arbitration award, as may be permitted by law.

# DISPUTE RESOLUTION PROCESS OVERVIEW

| OPTION | WHAT | WHO | WHY | HOW |
|---|---|---|---|---|
| **1** <br> **Open Door** | A way to discuss and resolve concerns with management without retaliation<br>• Informal<br>• Covers work-related disputes<br>• Encourages early resolution | Bring concern to:<br>• Manager<br>• General Manager<br>• Director<br>• Employee Relations<br>• Senior Vice President<br>• President | • Encourages early resolution of concern<br>• Open and flexible<br>• Easily accessible<br>• Helps preserve working relationships<br>• Resolves concerns amicably<br>• Promotes open communication | • Discuss concern in person with manager or with Employee Relations<br>• Discuss concern with GM or DO, or<br>• Call Employee Relations<br>• See DRP Poster for phone numbers |
| **2** <br> **Peer Review** | A way to bring a concern to a three-member panel for resolution<br>• Informal<br>• Covers work-related disputes<br>• Panel returns a written decision | Conducted by a trained facilitator<br>• Three-member panel made up of two peers (co-workers) and one management panelist<br>• Witness called at panel's discretion<br>• Conducted by a trained Facilitator selected by you | • Fresh perspective from those outside the issue, but within the Company<br>• Quick resolution of the concern<br>• Helps preserve working relationship | Present concern to a trained panel that will listen, evaluate and return a decision that is not binding unless the parties agree to it<br>• Submit a completed DRP submission form to DRP Department,, Phone: 800-817-3171 |
| **3** <br> **Mediation** | A way to take a dispute to a neutral third party who will assist the Employee and the Company in finding a compromise<br>• Informal<br>• Covers work-related disputes<br>• Non-binding unless parties agree to settle | Mediator chosen by the Employee and the Company or appointed by the American Arbitration Association or other mediation service | • Benefit of neutral, outside third-party expert to assist in negotiation<br>• Win-win solution<br>• Fast and inexpensive (no cost to Employee)<br>• Helps preserve working relationships<br>• Non-binding unless both parties agree to a resolution | Present concern to a neutral third party that will assist the Employee and the Company in finding a compromise<br>• Submit a Mediation request form to DRP Dept.<br>• Contact DRP Dept at 800-817-3171 |
| **4** <br> **Arbitration Final** | A way to take a dispute to an outside, neutral third party for a decision that is binding on all parties<br>• Structured, but less formal than court trials<br>• Covers all eligible work-related disputes<br>• Written decision binding on the Employee and the Company<br>• Legal representation allowed but not required (it is the Employee's choice) | Third-party arbitrator, chosen by the Employee and the Company or appointed by AAA or other arbitration service | • Benefit of neutral, outside third-party expert to make final decision<br>• Arbitrator has authority to grant legal and equitable relief as in a court of law<br>• Quicker resolution than traditional court process<br>• Simpler and more economical; no cost to Employee<br>• Helps preserve working relationships | Present dispute to a neutral third party who will evaluate the issue and return a final decision that is binding on both the Employee and the Company<br>• If a Mediation fails, a DRP-eligible dispute may be pursued by submitting a written notice to the other party |

August 2014

# DISPUTE RESOLUTION PROCESS ACKNOWLEDGEMENT

This agreement contains the requirements, obligations, procedures and benefits of the Dispute Resolution Process (DRP). **I acknowledge that I have received and/or have had the opportunity to read this arbitration agreement. I understand that this arbitration agreement requires that disputes that involve the matters subject to the agreement be submitted to mediation or arbitration pursuant to the arbitration agreement rather than to a judge or jury in court.** I agree as a condition of my employment, to submit any eligible disputes I may have to the DRP and to abide by the provisions outlined in the DRP. I understand this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP. Finally, I understand that the Company is equally bound to all of the provisions of the DRP.

_____
Employee Name (please print)


_____          _____
Employee Signature                                                            Date

*[signature: Melissa S. Ingalsbe]*

Melissa S. Ingalsbe
Director, Dispute Resolution


**Minor Employee or Employee under the care of a Parent/Guardian must also have a Parent/Guardian print and sign below**

I, as Parent/Guardian of the above named Employee, acknowledge that I have received and or have had the opportunity to read this arbitration agreement. I understand that this arbitration agreement requires that disputes that involve the matters subject to the agreement be submitted to mediation or arbitration pursuant to the arbitration agreement rather than to a judge or jury in court.

_____
Parent/Guardian Name (please print)


_____          _____
Parent/Guardian Signature                                                    Date

# FREQUENTLY ASKED QUESTIONS

1. **What is the Dispute Resolution Process (DRP)?**

   The Dispute Resolution Process is in place to resolve work-related problems, concerns and disputes between you and the Company in a prompt, fair and efficient way while protecting the legal rights of both. The DRP consists of four steps:

   - **Open Door:** Allows the Employee to bring a workplace issue/dispute to the attention of his/her manager or the next person in the chain of supervision or the Employee may contact a representative from Employee Relations or Human Resources. Contact information can be found in your employee handbook or DRP poster.
   - **Peer Review:** If the Open Door does not resolve the issue/dispute, it can be submitted to a Peer Review panel which will listen to both sides, evaluate and return a decision that is not binding unless the parties agree.
   - **Mediation:** If not satisfied with the Peer Review panel's decision, either the Employee or the Company may submit the issue/dispute to mediation. The mediation will be conducted by a mediator who is a neutral party and is trained in dispute resolution. During mediation, the mediator listens to the issue/dispute and helps the Employee and the Company reach an agreement by opening up communication and suggesting options.
   - **Arbitration:** If the issue/dispute is not resolved in mediation, either the Employee or the Company may submit the eligible issue/dispute to final and binding arbitration. Arbitration is the final step in the DRP. Both parties present their sides to an arbitrator, a neutral outside party, at an arbitration hearing. The arbitrator then weighs the evidence and makes a final and binding decision.

   Other than the exceptions listed in the section entitled "Exceptions to DRP" in the DRP agreement you have received, the first three steps of DRP (Open Door, Peer Review and Mediation) apply to all employment-related issues/disputes or claims brought by you or the Company. *Only disputes that state a legal claim may be submitted to Arbitration.*

   *You may use all of the steps of DRP or discuss any issue/dispute without fear of retaliation.*

2. **Will I have to pay anything when I use the DRP?**

   Administrative costs of the DRP will be paid for by the Company. This includes Peer Review costs; costs and fees of the mediation service and mediator; and cost and fees of the arbitration service and arbitrator. Any other expenses incurred by you are your responsibility. Likewise, any other expenses incurred by the Company are the obligation of the Company. This includes, by way of example only, transportation fees, transcript preparation fees, attorneys' fees, and expert witness fees. However, in arbitration, an arbitrator may award fees and costs according to applicable law.

3. **Do I have to follow the steps of DRP in order?**

   It is recommended that the steps of DRP be followed in order. Often times using the Open

August 2014

Door to speak with someone in management, who is closest to the situation, is the most efficient and effective way to resolve workplace disputes. Peer Review may be bypassed only by written mutual consent, but arbitration will always be the final step in resolving a dispute.

4. **What is the Open Door?**

The Open Door is the first step in resolving a concern or dispute. If you have a work-related concern or dispute, you are to bring it to the attention of your manager or to the next person in the chain of supervision (i.e., General Manager, Director of Operations, etc.) or you may contact a representative from Employee Relations or Human Resources. Contact information can be found in your employee handbook. The Open Door allows for an open and honest exchange by the people who are closest to the problem and often provides the best insight and opportunity for mutual resolution. *You may use all of the steps of DRP or discuss any issue/dispute without fear of retaliation.*

5. **What if my issue/dispute is with my manager?**

If, for any reason, you do not feel you can talk to your manager about the problem or issue/dispute, you should bring it to the attention of the next person in the chain of supervision, such as your General Manager, Director of Operations, etc. or you may contact a representative from Employee Relations or Human Resources. Contact information can be found in your employee handbook or DRP poster.

6. **What do I do if my manager starts to make things difficult for me after I complain?**

Retaliation for using or participating in the DRP is prohibited by the Company. If you believe you are being retaliated against by your manager or any other employee, you should take it to a higher level manager or contact a representative from Employee Relations or Human Resources.

7. **Can I use the DRP to resolve any problem that happens at work?**

Other than the exceptions listed in the section entitled "Exceptions to DRP" in the DRP handbook you have received, the first three steps of DRP (Open Door, Peer Review and Mediation) apply to all employment related issues/disputes or claims brought by you or the Company. *Only issues/disputes that state a legal claim may be submitted to Arbitration.*

8. **How do I request DRP?**

If you have a work place issue/dispute, you should first try to resolve it through the Open Door, which is the first step. If the Open Door does not resolve the issue/dispute, you will be referred to the Dispute Resolution Process Department to request the next step of the DRP which is Peer Review. You may also contact the Dispute Resolution Department at 1-800-817-3171.

9. **What is Peer Review?**

If the Open Door does not resolve the issue/dispute, it can be submitted to Peer Review by contacting the Dispute Resolution Process Department and completing a DRP Submission Form. Peer Review provides a way for the parties to personally present the issue/dispute to a panel of three employees—two peers (co-workers) and a management

level panelist from outside your restaurant or department. At Peer Review you and the Company each have up to thirty (30) minutes to separately and privately present your positions to the panel. The Peer Review panel will listen, evaluate and ask questions, then return a decision. A Peer Review panel decision is not binding on you or the Company, unless both agree to the decision.

**10. What can a Peer Review panel do to resolve my issue/dispute?**

The Peer Review panel has the ability to grant reinstatement of employment and benefits, back pay, lost wages and reversal of the Company's action or decision.

**11. Won't a Peer Review panel's decision just be a rubber stamp of management's position?**

No. Peer Review panels confidentially review a management action that an Employee believes to be inconsistent with policy or past practice. They hear and weigh the evidence and privately vote on the dispute. You, the Company Representative and the panel members are required and instructed to maintain absolute confidentiality. Therefore, no one will know about the panel's questions or how the panel members voted.

**12. What if either I or the Company does not agree with the Peer Review panel's decision?**

A Peer Review panel decision is not binding on you or the Company, unless both agree to it. If not satisfied with the Peer Review panel's decision, you or the Company can submit the issue/dispute to Mediation, which is the next step in the Dispute Resolution Process (DRP).

**13. Can I bring an attorney to my Peer Review?**

No. The Peer Review process is a confidential process that allows you and the Company to present the issue/dispute directly to a panel of peers. Neither you nor the Company may have an attorney or other representative at the Peer Review.

**14. How do I become a panelist on a Peer Review?**

To be eligible to be a panelist you must:
- ✓ Have at least 1 year of service with the company
- ✓ Be at least 18 years old
- ✓ Have a satisfactory or above performance rating
- ✓ Have no disciplinary actions for the past six months
- ✓ Speak and understand English

There should be a panelist sign-up sheet posted by your manager in your restaurant on which you can write your name as a volunteer. If you are selected as a panelist, you will receive training prior to the Peer Review. If there is not a list posted in your restaurant please see your manager to request one be posted or please contact the DRP Department at 1-800-817-3171 for assistance.

### 15. What is the difference between mediation and arbitration?

In mediation, a neutral third party helps you and the Company reach a resolution regarding the issue/dispute. In mediation, you and the Company each will present the issue/dispute to a mediator. The mediator will then attempt to negotiate a mutually acceptable agreement to resolve the issue/dispute. The mediator does not have the authority to impose a final and binding decision; only you and the Company can do that.

The arbitration process is more formal than mediation. In arbitration, a neutral third party (the arbitrator) listens to both parties each present their case in an arbitration hearing and renders a decision that is final and binding. *Only disputes that state a legal claim may be submitted to arbitration.*

### 16. How does arbitration differ from a court trial?

In many ways the two are very similar. In arbitration, an arbitrator can award the same remedies and damages as a court of law. The main differences are that arbitration is less formal than court trials, generally less costly, exchange of information is more limited, and the decision of the arbitrator is final and binding and may not be appealed. Arbitration is held in a private setting and not in a courtroom.

### 17. Can an arbitrator award the same kind and amount of damages that a court or jury trial could?

Yes.

### 18. If I am terminated and pursue arbitration, can the arbitrator reinstate me?

Yes. You may be awarded full remedies available through the courts including reinstatement and full back pay.

### 19. Who pays the arbitration costs?

The Company will pay the costs and fees of the arbitration service, the hearing facility and arbitrator. Any other expenses incurred by the Employee during the arbitration are the Employee's responsibility. Likewise, any other expenses incurred by the Company during the arbitration are the obligation of the Company. This includes, by way of example only, transportation fees, transcript preparation fees, attorneys' fees, and expert witness fees. However, an arbitrator may award fees and costs according to applicable law.

### 20. Do I have to hire an attorney to go to mediation or arbitration?

No. Both the Company and the Employee have the right to be represented by counsel of their choice and at their expense. However, if the Employee notifies the Company that he or she will not be represented by counsel at the arbitration hearing at least thirty (30) days prior to the hearing, the Company will not be represented by counsel at the hearing.

The Dispute Resolution Department may be contacted with any further questions at 1-800-817-3171.