**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
NIMALI SONDEL,                           :
                                           :
                      Petitioner,     :     Index No.
                                           :
             v.                          :
                                         :
DARDEN RESTAURANTS, INC., GMRI,   :
Inc. d/b/a OLIVE GARDEN, WILLIS     :
REINKE, in his individual and professional  :
capacities, and AMERICAN ARBITRATION :
ASSOCIATION, INC.,                :
                                         :
                      Respondents.  :
---------------------------------------------------------X

## PETITIONER'S MEMORANDUM OF LAW
## <u>IN SUPPORT OF PETITION</u>

**Wigdor LLP**

85 Fifth Avenue
New York, NY  10003
Tel:  (212) 257-6800
Fax:  (212) 257-6845

*Counsel for Petitioner*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT ............................................................................................................................... 5

    I. JAMS Order Should Be Confirmed and the Darden Respondents Should Be Compelled
       to Arbitrate Before JAMS ................................................................................................... 5

    II. Even Absent the JAMS Order, Darden Should Be Compelled to Arbitrate Pursuant to
       the Express and Unambiguous Terms of Its Own Resolution Policy .................................. 6

    III.  The Darden Respondents' Anticipated Arguments Simply Do Not Hold Up .................... 7

    IV.  AAA Should Be Enjoined from Proceeding with the Arbitration ....................................... 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

Americorp Sec., Inc. v. Sager,
   239 A.D.2d 115 (1st Dept 1997)......................................................................................9

CompuCredit Corp. v. Greenwood,
   132 S. Ct. 665 (2012).....................................................................................................6

Davis Alarms, Inc. v. Aftar,
   15 Misc 3d 1142(A) (Queens Cnty. Civ. Ct 2007)........................................................9

Folkways Music *209 Publishers., Inc. v. Weiss,
   989 F.2d 108 (2d Cir.1993)............................................................................................6

In re Granite Partners, L.P.,
   219 B.R. 22 (Bankr. S.D.N.Y. 1998)............................................................................8

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Adler,
   234 A.D.2d 139 (1st Dep't 1996) ...............................................................................6, 9

M & H Cosmetics, Inc. v. Alfin Fragrances, Inc.,
   102 F.R.D. 265 (E.D.N.Y. 1984) ..................................................................................8

Mastrobuono v. Shearson Lehman Hutton, Inc.,
   514 U.S. 52 (1995)......................................................................................................6, 9

PaineWebber Inc. v Bybyk,
   81 F.3d 1193 (2d Cir 1996)..........................................................................................8, 9

Smith Barney Shearson Inc. v Sacharow,
   91 N.Y.2d 39 (N.Y. 1997) .............................................................................................5

Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,
   559 U.S. 662 (2010).......................................................................................................6

Westerbeke Corp. v. Daihatsu Motor Co.,
   304 F.3d 200 (2d Cir. 2002)...........................................................................................6

**Other Authorities**

9 U.S.C. §§ 1, *et seq.*..........................................................................................................6

9 U.S.C. § 10.......................................................................................................................5

Petitioner Nimali Sondel, by and through undersigned counsel, Wigdor LLP, respectfully submits this memorandum of law in support of her Petition against Respondents Darden Restaurants, Inc. ("Darden" or the "Company"), GMRI, Inc., and Willis Reinke (together, the "Darden Respondents") and the American Arbitration Association ("AAA"), to (i) confirm the JAMS order and compel the Darden Respondents to comply with the JAMS order that the Darden Respondents are subject to binding arbitration before JAMS, (ii) compel the Darden Respondents to arbitrate Petitioner's claims in JAMS, (iii) enjoin the Darden Respondents from proceeding with an improperly filed arbitration with AAA, (iv) compel AAA to close the arbitration proceeding filed by the Darden Respondents and to discontinue any arbitration proceedings in this matter, (v) enjoin AAA from proceeding with an improperly filed arbitration, and (vi) order the Darden Respondents to pay all costs and fees incurred in connection with this proceeding and such other and further relief deemed just and proper.

## PRELIMINARY STATEMENT

The Darden Respondents are attempting to literally re-write the arbitration agreement between the parties to allow them to unilaterally determine the arbitral forum in which Petitioner Nimali Sondel may arbitrate her disputes with the Company. The arbitration agreement expressly provides that the parties agreed to arbitrate any disputes with AAA, JAMS or Resolute, Inc., or any other agreed upon arbitration administrator. The arbitration agreement also expressly provides that either party may file an arbitration proceeding. In accordance therewith, Ms. Sondel filed an arbitration proceeding with JAMS. The Darden Respondents should not now be able to unilaterally determine that they do not desire to litigate this dispute in JAMS and litigate the matter in their preferred forum of AAA. The arbitration agreement is just that – an agreement. Neither Ms. Sondel nor the Darden Respondents ever agreed that their disputes

would only be litigated before AAA, nor did they ever agree that the Darden Respondents were entitled to unilaterally determine the arbitral forum. As the Supreme Court of the United States, the Second Circuit Court of Appeals, and virtually every other court throughout the country has agreed, under the Federal Arbitration Act, "an arbitration agreement should be enforced according to its terms." This Petition should be no different merely because it is brought on behalf of an employee rather than on behalf of an employer.

## STATEMENT OF FACTS

Ms. Sondel is a former manager of an Olive Garden restaurant located at 36 Backus Avenue, Danbury, Connecticut 06810. See Petition at ¶ 10. The Darden Respondents claim that Ms. Sondel and Darden mutually agreed, as a condition of the employment relationship, to be bound by an arbitration agreement titled "Darden's Dispute Resolution Policy" (hereinafter, the "Arbitration Agreement" or "DRP"). Id. at ¶ 11, Ex. A.

The Arbitration Agreement provides for mandatory mediation followed by mandatory arbitration. Pursuant to the Arbitration Agreement,

> [I]f mediation does not resolve the dispute, ***either the Employee or the Company may submit the matter to binding arbitration***.

Id. at ¶ 12, Ex. A (emphasis added). The Arbitration Agreement does not state that *only* the Company may submit a matter to arbitration. Also pursuant to Arbitration Agreement,

> [t]he arbitration will be referred to an arbitration service (such as American Arbitration Association, **JAMS**, Resolute Inc.) for selection and appointment of a qualified arbitrator and administration of the arbitration process in accordance with applicable rules.

Id. at ¶ 13, Ex. A (emphasis added).

On November 21, 2014, the Darden Respondents terminated Ms. Sondel's employment. Id. at ¶ 14.  On December 15, 2014, Ms. Sondel notified Darden of her intention to pursue retaliation claims through written correspondence from her counsel.  Id. at ¶ 15.

On June 1, 2015, pursuant to the Arbitration Agreement, the parties engaged in mediation at JAMS in New York City before mediator Carol Wittenberg, which was unsuccessful.  Id. at ¶ 16.  Thus, on June 17, 2015, Ms. Sondel commenced arbitration proceedings by serving on the Darden Respondents a demand for arbitration with JAMS (proof of service is required prior to filing with JAMS).  Id. at ¶ 17, Ex. B.  On June 18, 2015, Ms. Sondel filed her demand for arbitration with JAMS and paid the initial filing fee.  Id. at ¶ 18, Ex. C.

On June 19, 2015, the Darden Respondents informed JAMS that – despite the clear agreement to arbitrate before JAMS in the DRP – they refused to and never agreed to arbitration in JAMS, refused to pay for the arbitration, and asked for the matter to be declined.  Id. at ¶ 19, Ex. D.   Instead, the Darden Respondents informed JAMS that the matter should proceed to arbitration in AAA.  Id. at ¶ 19, Ex. D.  On June 22, 2015, Ms. Sondel filed a motion with JAMS for an order compelling the Darden Respondents to arbitrate the dispute before JAMS.  Id. at ¶ 20, Ex. E.   On June 24, 2015, the Darden Respondents submitted an opposition to Ms. Sondel's motion to compel.  Id. at ¶ 21, Ex. F.

On June 22, 2015, after Ms. Sondel filed her motion to compel arbitration in JAMS, and a full five days after Ms. Sondel had served her demand for arbitration on the Darden Respondents, the Darden Respondents filed a demand for arbitration with AAA.  Id. at ¶ 23, Ex. G.  Among the many reasons the Darden Respondents' filing for arbitration in AAA was

improper, the filing was covertly accomplished without notice to Claimant[1] and in direct

contravention of AAA's Employment Arbitration Rules and Mediation Procedures of the

American Arbitration Association (the "AAA Rules").  Id. at ¶ 23.  The AAA Rules expressly

and unambiguously provide that an arbitration may be initiated in only one of two ways:

> (a) The parties may submit a joint request for arbitration [, or] (b)
> In the absence of a joint request for arbitration . . . [t]he initiating
> party (hereinafter "Claimant[s]") shall: (1) File a written notice
> (hereinafter "Demand") of its intention to arbitrate at any office of
> the AAA . . .

Id. at ¶ 25, Ex. H at p. 16.   AAA improperly accepted the Darden Respondents' arbitration

filing, despite the fact that there has been no initiation of arbitration proceedings even pursuant to

the AAA Rules.  Id. at ¶ 26.  On June 24, 2015, Ms. Sondel's counsel spoke to Frank Binda, a

case manager at AAA, to inquire as to why arbitration proceedings had been accepted despite the

fact that there had been no initiation pursuant to the AAA Rules and asked for the matter to be

closed.  Id. at ¶ 27.  Mr. Binda stated that he was unable to and refused to close the AAA

proceeding.  Id. at ¶ 28.

Earlier today, on June 25, 2015, JAMS issued a ruling on Ms. Sondel's motion to compel

arbitration before JAMS.  JAMS ruled that "Because JAMS is expressly named in the contract,

JAMS will continue to administer this matter . . . absent a court order or by agreement of the

parties."  Id. at ¶ 29, Ex. I.

---

[1]     As of the date of filing this Petition, Claimant is still in the dark as to what documents
were filed with AAA to purportedly initiate proceedings, despite the fact that our offices have
been in contact via email since December 2014.  It should be noted that rather than "hide the
ball" to gain some perceived advantage, we provided the Darden Respondents with email copies
of all documents filed with JAMS.  Clearly, the Darden Respondents are attempting to "get in
front" of Ms. Sondel's earlier filing in JAMS, which was already filed and operative well before
the Darden Respondents' filing in AAA.  This is just an ill-conceived and sophomoric "tactic" to
get this matter into a forum that Respondents perceive to be more favorable.

# ARGUMENT

## I.     JAMS Order Should Be Confirmed and the Darden Respondents Should Be Compelled to Arbitrate Before JAMS

The Arbitration Agreement provides that an arbitrator will decide all disputes regarding the interpretation of the Arbitration Agreement:

> The arbitrator will resolve any issue/dispute arising out of or relating to the interpretation or application of the DRP or its rules, including without limitation, any arbitration rules or procedures or manner in which the arbitration proceeding will be conducted.

See Ex. A at p. 7.  These provisions are enforceable.  See e.g. Smith Barney Shearson Inc. v Sacharow, 91 N.Y.2d 39, 45-46 (N.Y. 1997) (although "the question of arbitrability is an issue generally for judicial determination in the first instance . . . ," [a]n important legal and practical exception has evolved which recognizes, respects and enforces a commitment by the parties, nevertheless, to arbitrate even that issue when they 'clearly and unmistakably so provide.'") (citations omitted).

Here, Ms. Sondel properly commenced her arbitration in JAMS.  Thereafter, Ms. Sondel filed a motion to compel arbitration, which was opposed by the Darden Respondents.  JAMS issued a ruling on Ms. Sondel's motion, determining that "[b]ecause JAMS is expressly named in the contract, JAMS will continue to administer this matter."  Petition at ¶ 29, Ex. I.  As such, this issue has been decided by JAMS, and is enforceable pursuant to the agreement between the parties.  Moreover, absent manifest disregard of the law[2], arbitral rulings will be upheld.  See e.g.

---

[2]       An arbitral ruling may also be vacated on grounds provided under the FAA, 9 U.S.C. §10 ("(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their

Westerbeke Corp. v. Daihatsu Motor Co., 304 F.3d 200, 208 (2d Cir. 2002); Folkways Music

*209 Publishers., Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir.1993) ("In order to advance the goals

of arbitration, courts may vacate awards only for an overt disregard of the law and not merely for

an erroneous interpretation."); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d

930, 933 (2d Cir.1986) ("Although the bounds of this ground have never been defined, it clearly

means more than error or misunderstanding with respect to the law.").

 Accordingly, the JAMS order should be confirmed and the Darden Respondents should

be compelled to arbitrate before JAMS,

**II.**   **Even Absent the JAMS Order, Darden Should Be Compelled to Arbitrate Pursuant to the Express and Unambiguous Terms of Its Own Dispute Resolution Policy**

 The Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* provides that an arbitration agreement

should be enforced according to its terms.  See e.g. CompuCredit Corp. v. Greenwood, 132 S. Ct.

665, 673 (2012); Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 682 (2010);

Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 57, 58 (1995).  Of course, this

provision is nearly always cited by employers in applications to compel actions filed in court into

an arbitral forum.

 Pursuant to the Arbitration Agreement here, "if mediation does not resolve the dispute,

***either the Employee or the Company may submit the matter to binding arbitration***."  See Ex. A

at p. 7 (emphasis added).  The Arbitration Agreement does not state that *only* the Company may

submit a matter to arbitration.  As such, Ms. Sondel was acting within her rights and pursuant to

the Arbitration Agreement when she commenced arbitration with JAMS.

---

powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject
matter submitted was not made").  None of these grounds are even arguably present here.

Also pursuant to Arbitration Agreement,

> [t]he arbitration will be referred to an arbitration service (such as American Arbitration Association, ***JAMS***, Resolute Inc.) for selection and appointment of a qualified arbitrator and administration of the arbitration process in accordance with applicable rules.

See Ex. A at p. 7 (emphasis added).  This provision too is unambiguous.  As such, Ms. Sondel referred her arbitration proceeding to JAMS, an arbitration service ***expressly agreed to and authorized*** as a forum in which disputes may be arbitrated.   Therefore, this proceeding should be arbitrated before JAMS.  No further inquiry is needed.

**III.     The Darden Respondents' Anticipated Arguments Simply Do Not Hold Up**

The Darden Respondents have argued to JAMS and will likely also argue to this Court, that Ms. Sondel has "pursued a course of action that is not in accord with the terms of Darden's Dispute Resolution Policy."  See Ex. D.  The Darden Respondents have claimed, and likely will continue to claim, that "they [Claimant][sic] have filed their demand with JAMS over our express objection."  Id.  As shown above, that is simply false.  Ms. Sondel has acted directly in accordance with the parties' Arbitration Agreement.  Inconveniently for the Darden Respondents, whether they ***now*** object or not, the parties are bound by the Arbitration Agreement ***as drafted***.  Darden cannot "object" to Ms. Sondel filing for arbitration consistent with the parties' agreement.

In addition, the Darden Respondents have and likely will continue to argue that they are entitled to unilaterally determine the arbitration administrator.  Specifically, Respondents have stated,

> Darden pays all the expenses associated with the arbitration pursuant to the DRP.  With that in mind, Darden reserves the right to select the arbitration service, absent the parties' agreement otherwise.

Id.  Again, Darden does not get to "make up" provisions that do not exist in the Arbitration

Agreement.  Put another way, if the parties did not agree to a provision in the Arbitration

Agreement, the provision cannot now be unilaterally dictated by Darden.

The Darden Respondents will likely also argue that AAA must be the administrator

because the DRP provides that the AAA Rules will be used in any arbitration, and Rule 3 of the

AAA Rules provides that when the parties have agreed to use the AAA Rules, the parties

"authorize" AAA to administer the proceeding.  See Ex. H at p. 16.  However, this is a blatant

example of the difference between provisions that are "permissive" versus "compulsory."  See

e.g. M & H Cosmetics, Inc. v. Alfin Fragrances, Inc., 102 F.R.D. 265, 267 (E.D.N.Y. 1984)

(explain that a provision which *authorizes* action is permissive not compulsory); In re Granite

Partners, L.P., 219 B.R. 22, 41 (Bankr. S.D.N.Y. 1998) (a statute which *authorizes* fee shifting is

permissive not mandatory).  In fact, Claimant does not dispute that AAA is "authorized" to

administer proceedings; however, so is JAMS.  See above (stating " . . . will be referred to an

arbitration service (such as American Arbitration Association, JAMS, Resolute Inc.) . . .").

The fact that AAA is "permitted" to administer arbitration under the DRP and the AAA

Rules, does not mean it is "required" and certainly does not mean that the parties have agreed

that only AAA administer any arbitration.  The parties have also expressly agreed that JAMS and

Resolute, Inc. may administer arbitrations.  If Darden wanted to ensure that AAA would

administer all arbitrations, it could have drafted the DRP to say that and ***asked its employees if***

***they would agree to that condition of employment***.  It did not.

Put simply, Ms. Sondel has followed the exact, express and unambiguous terms of the

Arbitration Agreement by filing for arbitration with JAMS.  And importantly, it was Darden –

not Ms. Sondel – who drafted the DRP and therefore any even perceived ambiguities must be

construed against the Respondents.  See e.g. PaineWebber Inc. v Bybyk, 81 F.3d 1193, 1199 (2d Cir 1996) (stating that "the common-law rule of contract interpretation that 'a court should construe ambiguous language against the interest of the party that drafted it' applies in interpreting arbitration agreements.") (quoting Mastrobuono, 514 U.S. 52 at 62 (1995)); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Adler, 234 A.D.2d 139, 139 (1st Dep't 1996) (finding provision "when read together pursuant to basic principles of contract construction, require that the agreement be construed against petitioner, its drafter, and that the claims be allowed to go to arbitration."); Americorp Sec., Inc. v. Sager, 239 A.D.2d 115, 118 (1st Dept 1997) ("In finding arbitrability and enforcing the agreements, we were guided by the principle that in agreements covered by the FAA, 'due regard must be given to the federal policy favoring arbitration and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration'") (citation omitted); Davis Alarms, Inc. v. Aftar, 15 Misc 3d 1142(A) (Queens Cnty. Civ. Ct 2007) ("If the language of the arbitration agreement is considered ambiguous, it is to be construed most strongly against the drafter and favorably to the non-drafter").

IV.    **AAA Should Be Enjoined from Proceeding with the Arbitration**

AAA must be enjoined from continuing to administer the improperly opened arbitration between the parties as (i) the arbitration between the parties was properly commenced before JAMS, (ii) no arbitration has been commenced in AAA in the manner required under the AAA Rules, which control, and (iii) the AAA Rules require that an arbitration be stayed  where judicial intervention has been sought.

As described above, the AAA Rules expressly and unambiguously provide that an arbitration may be initiated in only one of two ways:

> (a) The parties may submit a joint request for arbitration [, or] (b) In the absence of a joint request for arbitration . . . [t]he initiating

> party (hereinafter "Claimant[s]") shall: (1) File a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA . . .

See Ex. H at p. 16.   Here, there has been no joint request for arbitration in AAA and Ms. Sondel, who is the claimant, has not independently filed an arbitration demand in AAA.  As such, there has been no predicate from which AAA may initiate any proceeding.  Despite this, AAA has refused to close the proceedings to this point.  Moreover, the AAA Rules clearly envision and allow a claimant to withdraw a demand for arbitration, but AAA has not permitted and has violated the AAA Rules in refusing to permit Ms. Sondel to withdraw the improperly commenced AAA action.  Id. at 37 (discussing the refund policy in the event a demand for arbitration is withdrawn).

Furthermore, under the AAA Rules,

> If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 60 days to permit the party to obtain a stay of arbitration from the court.

As such, even though AAA improperly commenced this action in the first place, AAA is also bound to – at the very least – stay all such proceedings pending the outcome of this Petition.

Accordingly, AAA must be compelled to close the arbitration proceeding filed by Respondents and to discontinue any arbitration proceedings in this matter and enjoined from proceeding with an improperly filed arbitration.

## CONCLUSION

For the reasons described herein, Petitioner respectfully requests an order (i) confirming the JAMS order and compelling the Darden Respondents to comply with the JAMS order that the Darden Respondents are subject to binding arbitration before JAMS, (ii) compelling the

10

Darden Respondents to arbitrate Petitioner's claims in JAMS, (iii) enjoining the Darden

Respondents from proceeding with an improperly filed arbitration with AAA, (iv) compelling

AAA to close the arbitration proceeding filed by the Darden Respondents and to discontinue any

arbitration proceedings in this matter, (v) enjoining AAA from proceeding with an improperly

filed arbitration, and (vi) ordering the Darden Respondents to pay all costs and fees incurred in

connection with this proceeding and such other and further relief deemed just and proper.

Dated:  June 25, 2015
      New York, New York                  Respectfully submitted,

                                      WIGDOR LLP

                                      By: _____
                                          David E. Gottlieb

                                      85 Fifth Avenue
                                      New York, NY 10003
                                      Telephone:  (212) 257-6800
                                      Facsimile:  (212) 257-6845
                                      dgottlieb@wigdorlaw.com

                                      *Counsel for Petitioner*